IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN C. TORRES, | ) | |
| AIS #295891, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-852-WKW |
| | ) | |
| RUBY GRAYS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Kevin C. Torres ("Torres"), a former state inmate. In this complaint, Torres seeks to challenge actions taken against him during (i) his participation in the Houston County Community Corrections Program, (ii) his confinement in the Houston County Jail upon termination of his community corrections assignment, (iii) his incarceration at the Frank Lee Work Release Center, and (iv) his incarceration at the Elmore Correctional Facility. Torres alleges that the actions about which he complains began in November 2014, but continued throughout his incarceration at both the county and state levels.

On November 1, 2016, the court assessed an initial partial filing fee of $64.08. *Doc. No. 3*. On December 9, 2016, the court received $10.40 from Torres as a partial payment of the assessed partial filing fee. The court therefore issued an order providing Torres an extension of time until January 9, 2017, to complete payment of the initial partial filing fee. *Doc. No. 5*. This order also directed Torres to "immediately inform the court and the defendants of any change in his address[,]" and advised him that "[f]ailure to provide a correct address within ten (10) days following any change of address will result in the dismissal of this action." *Id*. The Clerk mailed

a copy of this order to Torres. The postal service returned this order to the court because Torres no longer resided at the last address he had provided for service.[1]

In light of the foregoing, the court entered an order requiring that on or before January 19, 2017, Torres inform the court of his current address. *Doc. No. 6*. This order specifically advised Torres that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. at 2. The postal service again returned this order due to the lack of a proper address for Torres. As of the present date, the court has received no further payments from Torres towards the initial partial filing fee nor has he provided the court with his current address. The court therefore concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action at this time. Initially, the court notes that Torres is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Torres has failed to provide the court with his current address as required by an order entered in this case and, despite being provided an opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. This case simply cannot properly proceed in Torres's absence. In addition, Torres has not submitted total payment of the assessed initial partial filing fee as ordered by the court. Finally, it appears that Torres is no longer interested in the

---

[1] Upon initiation of this case, Torres listed the Elmore Correctional Facility as his address. A review of the docket indicates that Torres obtained his release from the state prison system sometime after December 9, 2016. In addition, a recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, demonstrates that Torres is no longer incarcerated within the state prison system.

prosecution of this case as he has failed to contact the court in the weeks since his release from prison. Thus, it is clear that any further effort by this court to secure Torres's compliance with its previous orders would be unavailing.

In light of the foregoing, which evidences willful delay and/or contempt by Torres, the court concludes that his failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before **February 7, 2017** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of January, 2017.

    /s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE